**Ex parte Bobby L. MULLINS.**

**No. 47833.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

James H. Randals, Huntsville, for appellant.

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

This is a post conviction habeas corpus proceeding wherein petitioner seeks release from the Department of Corrections.

The record reflects that petitioner pleaded guilty to a charge of "Jail Break" in Ochiltree County on February 3, 1972, and was sentenced to four (4) years. Subsequently, petitioner was transferred to Lipscomb County where he was convicted on a plea of guilty for the offense of burglary and sentenced to five (5) years. However, due to a claimed misunderstanding on the part of petitioner in regard to a plea bargain, the cautious trial judge granted a motion for new trial.

Petitioner claims that under the terms of the above mentioned plea bargain it was agreed between the State and petitioner (with the knowledge of the court) that appellant would plead guilty to the charge and would be assessed a four (4) year sentence to run concurrently with the Ochiltree County conviction. The court, in its findings of fact, however, disclaims any knowledge of such an agreement and points out that the formal sentencing proceeding was never reached in the first trial and that the decision in regard to whether the sentences would run concurrently or consecutively was never reached.

On retrial for the burglary offense, petitioner pleaded not guilty in a jury trial. Again he was convicted and assessed a two (2) year penalty by the jury. The trial judge then cumulated this sentence with the four (4) year sentence from Ochiltree County.

Petitioner now urges that this action by the trial court in cumulating sentences had the effect of imposing a more severe sentence in his retrial and since no written reasons were filed by the trial judge justifying such action the rule of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), has clearly been violated.

In *Pearce*, the United States Supreme Court said:

" . . . whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding and the factual data upon which the increased sentence is based must be made a part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

Without reaching the question of whether this action by the trial court amounted to the imposition of a more severe sentence upon the petitioner, we observe that in the first burglary trial the formal sentencing proceeding was never reached. Thus, there is nothing in the record to substantiate appellant's claim that the first sentence would have run concurrently with the Ochiltree County conviction.

Without such a showing, it would be mere conjecture to assume that the trial judge would have made that sentence run concurrently with the Ochiltree County conviction. And, unless the trial judge had so done, the cumulative sentence imposed in the second trial would not be greater than that imposed in the first.

No error is shown and the relief sought is denied.

Opinion approved by the Court.