WHITE, Judge, dissenting to order granting stay of execution.

Today an aggressive and assertive majority of this Court engaged in an unprecedented matter.

Applicant has no proceeding before us, yet his execution is stayed by the Court. He has legal matters before the U.S. Supreme Court; therefore, his stay of execution should be in that court. How is it reasonable that the applicant can prevail in this Court while his legal matters are entirely in another jurisdiction.

I vigorously dissent to the action of the aggressive and assertive majority sweeping aside prior precedent.

**William Robert COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 180–92.**

Court of Criminal Appeals of Texas, En Banc.

April 15, 1992.

Fred Tinsley, Dallas, for appellant.

John Vance, Dist. Atty., and Patricia Poppoff Noble, R. Dale Barron and Mark Perez, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**12**

## OPINION

PER CURIAM.

A jury convicted appellant of violation of the state securities act and, after finding appellant had previously been convicted of a felony, assessed punishment at confinement for twenty years. The trial court ordered the sentence to be served consecutive to a federal sentence previously assessed against appellant. The Court of Appeals affirmed the conviction. *Cook v. State,* 824 S.W.2d 634 (Tex.App.—Dallas 1991).

Appellant raises three grounds for review. After careful review we refuse appellant's petition for review. However, as is true in every case in which discretionary review is refused, this refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App.1983). Specifically, we do not agree that failure to object waives any error in an order requiring sentences to be served consecutively. See *Ex parte Voelkel,* 517 S.W.2d 291 (Tex.Cr.App.1975). With this understanding, we refuse appellant's petition for discretionary review.