**John Pershing JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 757–95.**

Court of Criminal Appeals of Texas, En Banc.

June 5, 1996.

Patricia Nasworthy Saum, Tom Moran, Houston, for appellant.

Steve Greene, Assistant District Attorney, Liberty, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant delivered over 400 grams of a controlled substance in 1984. A jury convicted him of that offense in 1986, but this Court reversed and remanded the case for reassessment of punishment. *Johnson v. State,* 797 S.W.2d 658 (Tex.Cr.App.1990). While appellant's appeal was pending in 1987, he was convicted in another case in Virginia and sentenced to twenty years of confinement. On remand in 1993 for this Texas case, the trial court assessed punishment at sixty years of confinement, along with a $5000 fine. The judgment recites that the Texas sentence is to begin when the Virginia sentence ceases to operate. On appeal, appellant argued that although the 1987 amendment to Article 42.08(a), V.A.C.C.P., permitted cumulation with an out-of-state sentence, its operation in his case violated the Ex Post Facto Clause of the United States Constitution because he committed the present offense before the 1987 change to the statute and the version in effect at the time of the offense did not allow cumulation with an out-of-state sentence.[1] The Court of Appeals rejected that

---

1. For a discussion about the substance and circumstances of the 1987 amendment to Art. 42.08, see *Cook v. State,* 824 S.W.2d 634 (Tex. App.—Dallas 1991, pet. ref'd). In *Cook* the Court of Appeals traced the history of Art. 42.08 and concluded that the 1987 amendment changed the law and allowed Texas sentences to be cumulated with federal and out-of-state sentences. This Court refused the petition for discretionary review in *Cook* with a disclaimer opin-

contention and affirmed the judgment. *Johnson v. State*, 900 S.W.2d 475 (Tex. App.—Beaumont 1995). We granted appellant's petition for discretionary review to examine this holding.

In rejecting appellant's ex post facto claim, the court of appeals peremptorily concluded that this Court's opinion in *Grimes v. State*, 807 S.W.2d 582 (Tex.Cr.App.1991), controls. In *Grimes* this Court held that Article 44.29(b), V.A.C.C.P., providing for a remand for re-assessment of punishment following the reversal of a judgment for error occurring only in the punishment phase, was not applied in violation of the Ex Post Facto Clause. *Id.*, at 587. Appellant argues that *Grimes* involved a procedural statute, while the statute in the present case increases punishment retroactively, which is impermissible under the Ex Post Facto Clause. We agree.

■ An ex post facto law (1) punishes as a crime an act previously committed which was innocent when done, (2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed, or (3) deprives a person charged with a crime of any defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 42–43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30, 38–39 (1990); *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Cr.App.1994). The issue in this case implicates the second definition, concerning punishment.

The ex post facto operation of a statute involving punishment has been expressed in a variety of ways. "When a court engages in ex post facto analysis, [it should be] concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred...." *Grimes v. State*, supra, at 587 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 n. 13, 101 S.Ct. 960, 964 n. 13, 67 L.Ed.2d 17, 23 n. 13 (1981)). An ex post facto law makes more burdensome the punishment for a crime after its commission. *Id.* A statute violates the Ex Post Facto

Clause if it retroactively increases the punishment for criminal acts. *California Dept. of Corrections v. Morales*, 514 U.S. ——, ——, 115 S.Ct. 1597, 1601, 131 L.Ed.2d 588, 594 (1995). An ex post facto law makes the measure of punishment more severe than that of the earlier statute. *Id.* The Ex Post Facto Clause prohibits the application of any new punitive measure to a crime already committed. *Id.* A retroactive increase in the "quantum of punishment" violates the ex post facto clause. *Id.*, 514 U.S. at ——, 115 S.Ct. at 1602, 131 L.Ed.2d at 595.

■ The United States Supreme Court has not articulated a single formula for identifying legislative changes that have a sufficient effect on punishment to fall within the Ex Post Facto Clause. *Morales*, 514 U.S. at ——, 115 S.Ct. at 1603, 131 L.Ed.2d at 597. The question of what legislative adjustments violate the Ex Post Facto Clause is a matter of degree. *Id.* A reviewing court must determine whether the statutory change produces a sufficient risk of increasing the measure of punishment attached to the criminal act. *Id.* A statutory amendment that creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment does not violate the Ex Post Facto Clause. *Id.*

Long ago, the Texas Court of Appeals held that the application of a statute, which permitted consecutive sentences, to a defendant who committed the offense before the effective date of the statute was ex post facto. *Baker v. State*, 11 Tex.Ct.App. 262, 264–65 (1881); *Hannahan v. State*, 7 Tex.Ct.App. 664, 666 (1880). In each case the judgment required the sentence to begin when a previous sentence expired. The defendants committed the offenses, which resulted in the second of the consecutive sentences, before the effective date of Revised Code of Criminal Procedure, Article 800, which permitted cumulative sentences. Prior to the enactment of Article 800, consecutive sentences were not allowed. The Texas Court of Appeals held that because Article 800 was more onerous than the law at the time the offense

ion on another ground. *Cook v. State*, 828 S.W.2d 11 (Tex.Cr.App.1992). Neither Appellant nor the State questions whether the court of

appeals in *Cook* properly construed the amendment, and therefore that issue is not before us today.

was committed, it was ex post facto when applied to offenses committed before its adoption. *Baker,* 11 Tex.Ct.App. at 264–65; *Hannahan,* 7 Tex.Ct.App. at 666. The opinions in these cases do not specify whether the holding is grounded on the ex post facto prohibition in Article I, § 10 of the federal constitution, in Article I, § 16 of the Texas Constitution, or in the common law. Nevertheless they are indicative of an attitude that to run one sentence consecutively with another is to impose a greater punishment than if the sentences were run concurrently. In other contexts as well, courts have regarded an order that a sentence run consecutively with another as an enhancement of punishment.

■ For example, a defendant's due process rights are violated if after a successful appeal the defendant is resentenced vindictively in response to the defendant's assertion of his right to appeal. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Part of the analysis under such a claim is whether the defendant's punishment was increased on resentencing. *Pearce,* 395 U.S. at 725–26, 89 S.Ct. at 2080–81, 23 L.Ed.2d at 669–70. This Court has never held that an order requiring consecutive sentences upon resentencing following sentences that were concurrent when originally assessed demonstrates vindictiveness. However, we have recognized the possibility that it does. *Ex parte Mullins,* 505 S.W.2d 575, 576 (Tex.Cr.App.1974). Meanwhile, federal courts have actually held that cumulating sentences that were originally concurrent constitutes increased punishment, thus triggering a *North Carolina v. Pearce* analysis. *United States v. Markus,* 603 F.2d 409 (2d Cir.1979); *Barnes v. United States,* 419 F.2d 753 (D.C.Cir.1969).

Additionally, the United States Supreme Court dealt with the effect of consecutive sentences in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). The defendant was sentenced to eight years and five years of confinement, to be served concurrently. *Id.,* 449 U.S. at 122,

101 S.Ct. at 429, 66 L.Ed.2d at 336. He was sentenced to one year confinement on another charge, to be served consecutively with the other sentences. *Id.* The Supreme Court observed that this was a total of nine years of imprisonment. *Id.* The defendant was then sentenced, as a dangerous special offender under a federal statute calling for increased punishment, to two ten-year terms, to be served concurrently with the other sentences. *Id.,* 449 U.S. at 122, 101 S.Ct. at 429–30, 66 L.Ed.2d at 336. The Supreme Court commented, "The dangerous special offender charge and sentences thus resulted in additional punishment of only about a year." *Id.,* 449 U.S. at 122–23, 101 S.Ct. at 430, 66 L.Ed.2d at 336. This suggests the Supreme Court has recognized that consecutive sentencing increases punishment.

This Court recently examined the purpose of a statute providing for consecutive sentences. *Basden v. State,* 897 S.W.2d 319 (Tex.Cr.App.1995). In construing Article 42.08(b), we determined that the obvious intent of the statute was "to more harshly punish" inmates who are not deterred from committing crimes in prison. *Id.,* at 321. This Court held that the plain meaning of the statute, as argued by the defendants, "would lead to the absurd result of permitting inmates to commit crimes without fear of punishment." *Id.* We quoted at length from the State's brief, which argued that "any inmate who is serving a lengthy sentence and receives additional sentences for additional crimes while incarcerated will never be punished ... [and] will never serve additional time after the first [consecutive] sentence they have received." *Id.,* n. 4. We explained how in certain circumstances the plain meaning of the statute would lead to "no punishment for the first prison offense." *Id.,* at 322, n. 6. Consequently, we interpreted Article 42.08(b) in a way to "adequately punish" the commission of the prior prison sentence. *Id.,* at 322. Thus, in *Basden,* this Court recognized that cumulation of sentences essentially constitutes an increase in punishment.[2]

**2.** The State argues that the application of Article 42.08(a) in this cause does not violate the Ex Post Facto Clause, citing *McDonald v. Lee,* 217

F.2d 619 (5th Cir.1954), *vacated,* 349 U.S. 948, 75 S.Ct. 893, 99 L.Ed. 1274 (1955) (remanded to district court to dismiss as moot). In that case, a

██ It would be disingenuous, to say the least, to hold that what constitutes increased punishment in the above contexts does not also constitute increased punishment for purposes of ex post facto analysis. We must therefore conclude that to allow cumulation of punishment under authority of a statute that did not so provide at the time of the offense violates the Ex Post Facto Clause.

The judgment in cause number 16,133 from the 253rd District Court of Liberty County is reformed to delete the cumulation order. The judgment of the Court of Appeals is affirmed, as reformed. *Cf. LaPorte v. State*, 840 S.W.2d 412, 415 (Tex.Cr.App. 1992).

McCORMICK, Presiding Judge, dissenting.

I dissent. As a practical matter, the majority opinion makes a defendant's sentence for an offense committed before September 1, 1987, off limits to cumulation orders involving sentences for crimes committed in another state. Of course, this assumes that Texas sentences can be cumulated with out-of-state sentences—an issue the majority decides to duck in this case.[1]

Appellant was convicted of the Texas offense in 1986. During the pendency of his appeal from this conviction, appellant was convicted of another offense in Virginia on September 21, 1987, for which he received a 20–year sentence. Appellant was serving the 20–year Virginia sentence in the Texas prison system when in 1993 he was finally sentenced for the 1986 Texas conviction. The trial court cumulated appellant's sentences by requiring the Texas sentence to begin when the Virginia sentence ceases to operate. Had appellant committed the Virginia offense in Texas, there is no question that the trial court could have cumulated the sentence for that offense with the sentence appellant received for the 1986 Texas offense under the statutory scheme then in effect. The Legislature amended Article 42.08(a), V.A.C.C.P., in 1987 to "allow cumulation with an out-of-state sentence." See *Cook*, 824 S.W.2d at 641–43.

This case does not present a situation where appellant was already serving concurrent sentences and then the Legislature required him to serve them consecutively. Nor does this case present a situation where the Legislature has increased any actual sentence appellant is serving such as, for example, requiring appellant to serve 50 years when the statutory maximum he could have received when he committed the offense was

soldier was court-martialed and sentenced. While serving that sentence, he was court-martialed and sentenced for another offense. After his first sentence was assessed, but before he was court-martialed for the second offense, an Army regulation was adopted requiring the second sentence to interrupt the service of the first sentence. Under the regulation, after the prisoner served the second sentence, service of the first sentence was to resume. The Fifth Circuit Court of Appeals held that the regulation did not increase the punishment for the earlier offense, and it had no ex post facto effect. *McDonald v. Lee*, 217 F.2d at 625.

However, the Fifth Circuit addressed the potential ex post facto application of the Army regulation on the first sentence, not on the second sentence. Furthermore, the Fifth Circuit's holding is inconsistent with this Court's opinion in *Basden*.

1. As a preliminary matter, the majority opinion declines to adopt the holding of the Dallas Court of Appeals in *Cook v. State*, 824 S.W.2d 634, 641–43 (Tex.App.—Dallas 1991), pet. ref'd, *Cook v.*

*State*, 828 S.W.2d 11 (Tex.Cr.App.1992). *Cook* held the 1987 amendment to Article 42.08(a), V.A.C.C.P., "changed the law and allowed Texas sentences to be cumulated with federal and out-of-state sentences." See *Cook*, 824 S.W.2d at 641–43. The majority says that whether the Court of Appeals in *Cook* "properly construed the amendment" is "not before us today."

I disagree. It is necessary to address whether the Court of Appeals in *Cook* properly construed the 1987 amendment before addressing the Federal constitutional question the Court addresses here, because, if the Court of Appeals did not properly construe the 1987 amendment, then it would be unnecessary to address the Federal constitutional question. I would affirm the Court of Appeals' decision in *Cook*. But, since the majority ducks the issue, some might argue their opinion in this case is merely advisory pending resolution of the question presented in *Cook*. In other words, if the Court of Appeals did not properly construe the 1987 amendment to Article 42.08(a), then the majority is wasting their time addressing the Federal constitutional issue in this case.

25 years. This clearly would violate the *Ex Post Facto* Clause. *See, e.g., Miller v. Florida,* 482 U.S. 423, 433–35, 107 S.Ct. 2446, 2453, 96 L.Ed.2d 351 (1987); *Weaver v. Graham,* 450 U.S. 24, 24–28, 101 S.Ct. 960, 962–63, 67 L.Ed.2d 17 (1981); *Lindsey v. Washington,* 301 U.S. 397, 400–02, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937). No one claims the actual sentences appellant received for his multiple crimes violate the *Ex Post Facto* Clause. Appellant's claim is that the Legislature cannot require him to serve these legal sentences consecutively.

But, the issue in this case is whether the 1987 amendment to Article 42.08(a) "changes the punishment and inflicts a greater punishment than the law *attached to a criminal offense* when committed." (Emphasis Supplied). *See Collins v. Youngblood,* 497 U.S. 37, 41–43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). The 1987 amendment to Article 42.08(a) has not changed the punishment or inflicted a greater punishment for appellant's multiple crimes than what the law "attached to" them when appellant committed them. The Legislature has only required appellant to serve his legal sentences consecutively. That appellant is being "more harshly"[2] punished, because he has to serve his sentences consecutively rather than concurrently, is, therefore, irrelevant to the *ex post facto* analysis. *See California Dept. of Corrections v. Morales,* 514 U.S. ——, —— fn. 3, 115 S.Ct. 1597, 1602 fn. 3, 131 L.Ed.2d 588 (1995) (focus of the *ex post facto* inquiry is not on whether an amendment affects a prisoner's " 'opportunity to take advantage of provisions for early release' " but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable). (Emphasis in Original).

The majority opinion is, in effect, breaking new ground here by adding another element to the 200–year–old, well-settled definition of an *ex post facto* law contained in *Collins.* See *Collins,* 497 U.S. at 41–43, 110 S.Ct. at 2719; *Calder v. Bull,* 3 Dall. 386, 390–92, 1 L.Ed. 648 (1798) (Chase, J.). And, I find it

difficult to accept the proposition that our founding fathers and the voters who adopted the *Ex Post Facto* Clause did so intending for criminals to serve concurrent sentences for multiple crimes they commit. *Cf. Lanford v. Fourteenth Court of Appeals,* 847 S.W.2d 581, 585 (Tex.Cr.App.1993) (primary goal in the interpretation of a constitutional provision is to ascertain and give effect to the apparent intent of the voters who adopted it). I would hold the *Ex Post Facto* Clause does not speak to the circumstances presented by this case. *See also McDonald v. Lee,* 217 F.2d 619, 625 (5th Cir.1954), vacated, 349 U.S. 948, 75 S.Ct. 893, 99 L.Ed. 1274 (1955).

I respectfully dissent.

WHITE, MANSFIELD and KELLER, JJ., join this dissent.

---

**2.** See *Basden v. State,* 897 S.W.2d 319 (Tex.Cr. App.1995). In *Basden,* the defendant invited this Court to construe Article 42.08(b), V.A.C.C.P., in such a manner that a prisoner would either not be deterred from committing a second prison offense or would not receive any punishment for the first prison offense, depending upon the severity of the second prison offense. See *Basden,* 897 S.W.2d at 322. We declined the invitation to construe Article 42.08(b) in this manner.