NO. 07-02-0030-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 11, 2002

_____

BRUCE WAYNE BROWN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 253RD DISTRICT COURT OF LIBERTY COUNTY;

NO. 23,691; HONORABLE CHAP B. CAIN, III, JUDGE

_____

Before QUINN and REAVIS and JOHNSON, JJ.

Upon an open plea of guilty, appellant Bruce Wayne Brown was convicted of aggravated sexual assault of a child and punishment was assessed at 99 years confinement and a $10,000 fine. In presenting this appeal, counsel has filed an Anders[1]

_____

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief. Appellant did not file a *pro se* brief. The State responded and agrees with counsel that this appeal is frivolous and without merit because no reversible error is presented in the record.

Appellant was indicted for aggravated sexual assault of a child and entered an open plea of guilty. In addition to a judicial confession, appellant executed evidence stipulations, waiver of jury trial and, together with his attorney and the trial judge, on August 30, 2001, also executed written admonishments fulfilling the requirements of TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp. 2002). Based on the evidence stipulations and the admission of his judicial confession, the trial court found him guilty. During the punishment

phase the State produced twelve witnesses who testified about this sexual assault, as well as appellant's extraneous offenses, including numerous other child molestations. Appellant called three witnesses during the punishment phase, including his mother-in-law who testified that she forgave appellant for his prior rape of her younger daughter because of her religious faith; however, she described appellant as a "bad person." The other witnesses called by appellant testified about business dealings with him. After hearing this evidence, the trial court assessed punishment at 99 years confinement and a $10,000 fine.

Counsel suggests eight arguable issues on appeal asserting (1) the trial court erred in finding no enforceable plea bargain agreement existed between appellant and the State; (2) appellant received ineffective assistance of trial counsel regarding the State's plea bargain offer; (3) the trial court erred in not requiring a State's witness to testify from a position where appellant could see the witness; (4) the trial court erred in overruling appellant's objection to the State's question of a witness on the grounds of leading questions; (5) and (6) the trial court erred in overruling appellant's objections to the State's questions of two witnesses on the grounds of hearsay; (7) appellant received ineffective assistance of counsel prior to and during trial; and (8) the trial court erred in assessing punishment of this magnitude on the grounds of judicial vindictiveness and/or bias. However, after discussing the evidence and authorities, counsel candidly concedes that no reversible error is presented.

Appellant signed the required admonishments and in open court, when orally admonished by the trial court, acknowledged he had reviewed all documents with his trial counsel and he understood his rights and his waiver of them. These written admonishments signed by appellant and a record showing he orally acknowledged to the court that he understood them constitute a *prima facie* showing that the plea was voluntary. Cantu v. State, 993 S.W.2d 712, 717 (Tex.App.–San Antonio 1999, pet. ref'd), *citing* Fuentes v. State, 688 S.W.2d 542, 544 (Tex.Cr.App. 1985). The trial court also informed appellant that the range of punishment for aggravated sexual assault is five to 99 years confinement and an optional fine not to exceed $10,000. *See* TEX. PEN. CODE ANN. § 12.32 (Vernon 1994).

By issue one, counsel suggests the trial court erred in finding no enforceable plea bargain agreement existed and by issue two suggests trial counsel was ineffective in regards to the plea bargain matter. Relying on Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by issue seven counsel also suggests ineffective assistance of counsel during the punishment phase as an arguable issue. Following a pretrial hearing on the alleged plea agreement at which testimony was taken from several prosecutors and from appellant's former attorney, the trial court found that no firm offer was made. Applying deference to the trial court's determination of historical facts, State v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000), we do not disturb the ruling of the trial court in this regard. Further, the record is silent regarding any alleged deficiency in the representation appellant received during the punishment phase. An allegation of

4

ineffective assistance of counsel will be sustained only if firmly founded in the record. Mercado v. State, 615 S.W. 2d 225, 228 (Tex.Cr.App. 1981). Thus, because appellant cannot overcome the strong presumption that counsel's conduct fell within a wide range of reasonable professional representation, no reversible error is established. *Strickland*, 466 U.S. at 689. Issues one, two, and seven are overruled.

By issues four, five, and six, counsel suggests the trial court erred in overruling his objections to various questions by the State on the grounds of leading questions or hearsay responses. The determination of whether to admit evidence is within the discretion of the trial court and its ruling will not be disturbed absent an abuse of discretion. Montgomery v. State, 810 S.W.2d 372, 390 (Tex.Cr.App. 1990). On the face of the record, we find no abuse of discretion. Moreover, even if the trial court erroneously admitted this evidence, any error would be harmless because of appellant's judicial confession and evidence stipulations signed before the punishment phase. Issues four, five, and six are overruled.

By issue three, counsel suggests the trial court erred in not requiring the minor victim to testify from a position where appellant could see the witness. However, appellant waived his right to require the appearance, confrontation and cross examination of witnesses by signing the written plea admonishments. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14 (Vernon Supp. 2002). Moreover, a defendant's right to face-to-face confrontation of a complaining witness is not absolute. Marx v. State, 987 S.W.2d 577, 580 (Tex.Cr.App.

5

1999), *cert. denied*, 528 U.S. 1034, 120 S.Ct. 574, 145 L.Ed.2d 436 (1999). Limitations may be placed on this right when denial of such confrontation is necessary to further an important public policy and the reliability of the testimony is otherwise assured. *Id.* If the State makes an adequate showing of necessity, the State's interest in protecting child witnesses from the trauma of testifying in a child abuse case is sufficiently important to justify the use of a special procedure that permits a child witness in such cases to testify at trial against a defendant in the absence of face-to-face confrontation with the defendant. *Id.* Here, the minor victim was allowed to testify from within the courtroom in the general view of appellant, and his counsel was permitted to move his chair anywhere near the child he wanted during her testimony. Issue three is overruled.

By issue eight, counsel suggests the trial court erred in assessing punishment of this magnitude on the grounds of judicial vindictiveness and/or bias. Counsel relies upon the holding of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed. 2d 656 (1969), *overruled on other grounds*, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), and its progeny which stand for the proposition that if, after a reversal and remand, a trial judge imposes a sentence more severe than that originally assessed, to prevent judicial vindictiveness, the reasons for his doing so must affirmatively appear. *Id.* at 726. A defendant's due process rights are violated if after a successful appeal the defendant is resentenced vindictively in response to the defendant's assertion of his right to appeal. Johnson v. State, 930 S.W.2d 589, 592 (Tex.Cr.App. 1996). However, in an instance such as this one in which the alleged vindictiveness occurs during the punishment

6

phase of the initial trial, the *Pearce* presumption of vindictiveness is not applicable. Jackson v. State, 766 S.W.2d 518, 521 (Tex.Cr.App. 1988). A trial court is vested with a great degree of discretion in imposing an appropriate sentence. Jackson v. State 680 S.W.2d 809, 814 (Tex.Cr.App. 1984) (en banc). A penalty imposed within the range of punishment established by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978). Appellant's sentence of 99 years confinement and a $10,000 fine is within the punishment range allowed by statute. *See* TEX. PEN. CODE ANN. § 12.32 (Vernon 1994). On the face of the record we find no judicial vindictiveness. Issue eight is overruled.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis<br>Justice

Do not publish.

7