In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00235-CR

                                                ______________________________

 

 

 

                                                                        IN
RE:

BENJAMIN
WAYNE MCCOIN

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Benjamin Wayne McCoin was convicted
of attempted capital murder and was sentenced to ninety-nine years’
confinement.[1]  He files this new petition for writ of
mandamus against “Texas, the State of: Lawless!” and prays that this Court
direct the 102nd Judicial District Court in Red River County to order his
release from jail.  Mandamus is an
extraordinary remedy that issues only to correct a clear abuse of discretion or
violation of a duty imposed by law when no other adequate remedy at law is
available.  State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Due to the nature of this remedy, it is McCoin’s
burden to properly request and show entitlement to the mandamus relief.  Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.
proceeding) (“Even a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.”).

            McCoin first claims that the trial
court did not have jurisdiction over his case and that the State’s prosecution
was barred by limitations.  No record
demonstrates any lack of jurisdiction, and there is no statute of limitations
for attempted murder.  Tex. Code Crim. Proc. Ann. arts. 12.01
(Vernon Supp. 2010), 12.03 (Vernon 2005). 
McCoin also seeks release due to “actual innocent of crime false
perjured claimed by State of Texas,” “false charge[s],” violation of the
Interstate Agreement on Detainers Act,[2]
faulty indictment, alleged mental illness of the trial judge, and denial of due
process in the “wrongful denial” of a previous petition for writ of mandamus.  These issues are points that are cognizable
on direct appeal, not mandamus.  McCoin
points to no ministerial act of the trial court over which we have mandamus
power.  McCoin’s petition refers, at
least in part, to our recent opinion disposing of his earlier petition for writ
of mandamus.  In re McCoin, No. 06-10-00139-CR, 2010 WL 3023427, at *1 (Tex.
App.—Texarkana Aug. 4, 2010, orig. proceeding) (mem. op.) (not designated for
publication).  In the previous petition,
McCoin also complained of a faulty indictment and averred innocence.  We will not disturb our August 2010 opinion
denying McCoin’s request for writ of mandamus without any evidence
demonstrating that the prior decision was erroneous.

            As in McCoin’s previous petition,
this petition does not meet the requirements of the Texas Rules of Appellate
Procedure.  For example, it does not
include any table of authorities, any appendix or record, any argument with
citation to authorities,[3]
any citation to an appendix or record, or a certification.  Tex. R. App. P. 52.3.

            To be entitled to mandamus relief,
McCoin must show that he has no adequate remedy at law to redress his alleged
harm, and what he seeks to compel is a ministerial act not involving a
discretionary or judicial decision.  State ex rel. Young v. Sixth Judicial Dist.
Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007).  Consideration of a motion that is
properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  A relator must establish that the trial court
(1) had a legal duty to rule on the motion; (2) was asked to rule on the
motion; and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding); In re
Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)
(relator must show that trial court received, was aware of, and was asked to
rule on motion).  No record, or averment,
supports any such showing.

            Absent a showing the trial court is
aware of and has been asked to rule on any request, and because of the
deficiencies noted above, McCoin has not established his entitlement to the
extraordinary relief of a writ of mandamus. 
Accordingly, we deny McCoin’s petition for writ of mandamus.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          January 3, 2011           

Date
Decided:             January 4, 2011

 

Do Not
Publish

 

 

 











[1]In
McCoin’s direct appeal, this Court affirmed his conviction in 2001.  McCoin
v. State, 56 S.W.3d 609 (Tex. App.—Texarkana 2001, no pet.).

 





[2]Interstate
Agreement on Detainers Act, 18 U.S.C.A., App. 2, § 2 (West, Westlaw current
through 2010).





[3]The
one case cited in McCoin’s petition, Johnson
v. State, 900 S.W.2d 475 (Tex. App.—Beaumont 1995), aff’d, 930 S.W.2d 589 (Tex. Crim. App. 1996), offered to support
McCoin’s conclusory statement that the Interstate Agreement on Detainers Act
was violated in this case, instead stands for the opposite, that such Act was
not applicable.  The only other cite in
McCoin’s petition, 26 U.S.C. § 5861(d),
simply defines unlawful receipt or possession of an unregistered firearm and,
thus, provides no authority supporting McCoin’s petition.