

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00235-CR

_____

IN RE:
BENJAMIN WAYNE MCCOIN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Benjamin Wayne McCoin was convicted of attempted capital murder and was sentenced to ninety-nine years' confinement.[1]   He files this new petition for writ of mandamus against "Texas, the State of: Lawless!" and prays that this Court direct the 102nd Judicial District Court in Red River County to order his release from jail.  Mandamus is an extraordinary remedy that issues only to correct a clear abuse of discretion or violation of a duty imposed by law when no other adequate remedy at law is available.  *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984).   Due to the nature of this remedy, it is McCoin's burden to properly request and show entitlement to the mandamus relief.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

McCoin first claims that the trial court did not have jurisdiction over his case and that the State's prosecution was barred by limitations.  No record demonstrates any lack of jurisdiction, and there is no statute of limitations for attempted murder.  TEX. CODE CRIM. PROC. ANN. arts. 12.01 (Vernon Supp. 2010), 12.03 (Vernon 2005).  McCoin also seeks release due to "actual innocent of crime false perjured claimed by State of Texas," "false charge[s]," violation of the Interstate Agreement on Detainers Act,[2] faulty indictment, alleged mental illness of the trial judge,

---

[1]In McCoin's direct appeal, this Court affirmed his conviction in 2001.  *McCoin v. State*, 56 S.W.3d 609 (Tex. App.—Texarkana 2001, no pet.).

[2]Interstate Agreement on Detainers Act, 18 U.S.C.A., App. 2, § 2 (West, Westlaw current through 2010).

and denial of due process in the "wrongful denial" of a previous petition for writ of mandamus. These issues are points that are cognizable on direct appeal, not mandamus. McCoin points to no ministerial act of the trial court over which we have mandamus power. McCoin's petition refers, at least in part, to our recent opinion disposing of his earlier petition for writ of mandamus. *In re McCoin*, No. 06-10-00139-CR, 2010 WL 3023427, at *1 (Tex. App.—Texarkana Aug. 4, 2010, orig. proceeding) (mem. op.) (not designated for publication). In the previous petition, McCoin also complained of a faulty indictment and averred innocence. We will not disturb our August 2010 opinion denying McCoin's request for writ of mandamus without any evidence demonstrating that the prior decision was erroneous.

As in McCoin's previous petition, this petition does not meet the requirements of the Texas Rules of Appellate Procedure. For example, it does not include any table of authorities, any appendix or record, any argument with citation to authorities,[3] any citation to an appendix or record, or a certification. TEX. R. APP. P. 52.3.

To be entitled to mandamus relief, McCoin must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. S*tate ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). Consideration of a motion that is

---

[3]The one case cited in McCoin's petition, *Johnson v. State*, 900 S.W.2d 475 (Tex. App.—Beaumont 1995), *aff'd*, 930 S.W.2d 589 (Tex. Crim. App. 1996), offered to support McCoin's conclusory statement that the Interstate Agreement on Detainers Act was violated in this case, instead stands for the opposite, that such Act was not applicable. The only other cite in McCoin's petition, 26 U.S.C. § 5861(d), simply defines unlawful receipt or possession of an unregistered firearm and, thus, provides no authority supporting McCoin's petition.

properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). A relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion). No record, or averment, supports any such showing.

Absent a showing the trial court is aware of and has been asked to rule on any request, and because of the deficiencies noted above, McCoin has not established his entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny McCoin's petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 3, 2011
Date Decided:       January 4, 2011

Do Not Publish

4