In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-11-00429-CR
_____

### BENNIE RAY JOHNSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-05-05840-CR**
_____

### MEMORANDUM OPINION

After accepting a plea-bargain agreement, the trial court gave Bennie Ray

Johnson permission to appeal, allowing him to challenge the constitutionality of the sex

offender registration statute. *See* Act of May 26, 1991, 72nd Leg., R.S., ch. 572, § 1,

1991 Tex. Gen. Laws 2029, 2029-2030 (amended 1993, 1995, 1997, 1999, 2001, 2003,

2005, 2007, 2009, 2011) (current version at Tex. Code Crim. Proc. Ann. arts. 62.001-.408

(West 2006 & Supp. 2012)). Johnson was convicted of failing to register as required by

the sex offender registration statute based on his failure to report to the Sheriff's Office of

1

Montgomery County, Texas, within seven days of having arrived there. *See* Tex. Code Crim. Proc. Ann. art. 62.051(a) (West Supp. 2012). Johnson's written stipulation, signed in connection with his plea agreement, reflects that Johnson admitted that he failed to report within seven days to the sheriff's office as alleged by the indictment and that Johnson was required to register due to his 1998 conviction for aggravated sexual assault of a child.

In one appellate issue, Johnson contends certain 1999 and 2005 amendments to the sex-offender-registration-statute violate article I, section 16 of the Texas Constitution. *See* Tex. Const. art. I, § 16 (the ex post facto provision); *see also Grimes v. State*, 807 S.W.2d 582, 583-84 (Tex. Crim. App. 1991) (when interpreting the State constitution's ex post facto provision, the Court of Criminal Appeals has followed the United States Supreme Court's interpretation of the federal constitution's ex post facto clause).[1] Having considered Johnson's arguments, we are not persuaded that the registration statute at issue was applied retroactively; we overrule Johnson's issue and affirm the trial court's judgment.

### Ex Post Facto Prohibition

A penal statute cannot be lawfully applied retroactively to obtain a conviction based on conduct that was not criminal when it occurred. *See Ieppert v. State*, 908 S.W.2d 217, 219 (Tex. Crim. App. 1995). "An ex post facto law: 1) punishes as a crime

[1]A defendant may raise an ex post facto claim for the first time on appeal. *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995).

an act previously committed which was innocent when done; 2) changes the punishment and inflicts a greater punishment than the law attached to a criminal offense when committed; or 3) deprives a person charged with a crime of any defense available at the time the act was committed." *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). Nevertheless, some statutes, such as civil statutes that create civil remedies and that do not inflict punishment under constitutional standards, may be applied retroactively. *See id.* at 67-68. Whether a legislative change has a sufficient effect on punishment to violate the Constitution "is a matter of degree[,]" and "[a] statutory amendment that creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment does not violate the Ex Post Facto Clause." *Johnson v. State*, 930 S.W.2d 589, 591, 593 (Tex. Crim. App. 1996) (concluding that statute passed after defendant committed a crime, which permitted an out-of-state sentence to be used in cumulating the defendant's sentence, operated retroactively as a criminal punishment, violating article I, section 10 of the U.S. Constitution).

Johnson argues that chapter 62 of the Texas Code of Criminal Procedure, which imposes various requirements on persons required to register as sex offenders, violates the Texas Constitution's Ex Post Facto Clause. Johnson claims that the amendments to chapter 62 affected his "vested rights"—rights that he argues vested in 1998 when he was convicted on a charge of aggravated sexual assault of a child.

3

Several factors guide a court in deciding whether a statute operates retroactively in a prohibited manner. One factor courts have considered is "'whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred, [and] it is irrelevant whether the statutory change touches any vested rights.'" *Grimes*, 807 S.W.2d at 587 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 n.13, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)). Another court has considered whether the statute is procedural or substantive, as "[l]aws altering procedure do not generally fall within the prohibition." *Ibarra v. State*, 11 S.W.3d 189, 192 (Tex. Crim. App. 1999). Other factors that may be considered in determining whether a statute has a prohibited retroactive affect include:

- "whether the sanction involves an affirmative disability or restraint;"

- "whether it has traditionally been regarded as a punishment;"

- "whether it comes into play only on a finding of scienter;"

- "whether its operation will promote the traditional aims of punishment—retribution and deterrence;"

- "whether the behavior to which it applies is already a crime;"

- "whether an alternative purpose to which it may rationally be connected is assignable to it;" and

- "whether it appears excessive in relation to the alternative purpose assigned."

4

*Rodriguez*, 93 S.W.3d at 68 (citing *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963)).

Numerous changes have been made over the years to the sex offender registration program that have not been considered to have made the statute punitive. For example, the Court of Criminal Appeals, rejecting a claim that the 1999 amendments to the sex offender registration program violate prohibitions against cruel and unusual punishments, stated: "[T]he 1999 version of the [sex offender registration program], like the 1997 version, is non-punitive in both intent and effect." *Ex parte Robinson*, 116 S.W.3d 794, 798 (Tex. Crim. App. 2003). Another court noted that the 2005 changes to the sex offender registration program were adjustments to the registration statute to make it more easily understood by those required to register. *See Reynolds v. State*, No. 10-10-00306-CR, 2012 WL 3629361, at *6 (Tex. App.—Waco Aug. 23, 2012, pet. filed). In *Rodriguez*, the Court of Criminal Appeals considered an ex post facto challenge to the 1997 amendments to the sex-offender-registration statute. *Rodriguez*, 93 S.W.3d at 68-79. In 1999, Rodriguez was indicted for failing to register as a sex offender. *Id.* at 66. His indictment was based on a 1987 conviction for aggravated sexual assault, made reportable by the 1997 amendments to chapter 62. *Id.* at 65-66. After analyzing the *Kennedy* factors, the Court of Criminal Appeals declined to hold the amendments to the registration statute unconstitutional, held that the challenged amendments were civil, and

stated the amendments to the statute were remedial in nature and not "so punitive as to transform the statute into a criminal sanction." *Id*. at 79.

Although the amendments at issue here are not identical to those the Court of Criminal Appeals considered in *Rodriguez*, the question we must answer is the same: whether the amendments at issue to the sex offender registration statute assigned sufficient criminal or penal consequences to transform the statute into a criminal sanction. *See id*. at 79, *Grimes*, 807 S.W.2d at 587. Significantly, Johnson presents no argument that any of the *Kennedy* factors favor a finding that the amendments at issue violate the prohibition against making an ex post facto law. *See Kennedy*, 372 U.S. at 168-69; *Rodriguez*, 93 S.W.3d at 68.

Although Johnson has not addressed the *Kennedy* factors in his brief, he advances several claims regarding the retroactive effect of the amendments at issue. According to Johnson, article 62.02, § 5(g) of the Texas Code of Criminal Procedure is unconstitutional because it effects a criminal punishment, and it is designed to operate retroactively. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 1193, § 5, 1999 Tex. Gen. Laws 4178, 4179-80 (amended 2001, 2003, 2005, 2009, 2011) (current version at Tex. Code Crim. Proc. Ann. art. 62.051). As added in 1999, subsection 5(g) required persons having a reportable conviction, if employed or attending school in another state, to register there. *Id.* Johnson also challenges the constitutionality of former article 62.062 of the Texas Code of Criminal Procedure, redesignated in 2005 as article 62.059; he claims

6

the provision violates the prohibition on making ex post facto laws. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 444, § 8, 1999 Tex. Gen. Laws 2824, 2827, *amended by* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art. 62.059, 2005 Tex. Gen. Laws 3385, 3403 (current version at Tex. Code Crim. Proc. Ann. art. 62.059 (West 2006)). Former article 62.062 required that registered sex offenders who visit municipalities or counties outside the municipality or county where they are required to be registered also register in the other municipalities or counties. *Id.* Johnson also challenges former article 62.05(b) of the Texas Code of Criminal Procedure, redesignated in 2005 as article 62.057, which addresses reporting requirements related to changes in the employment or health status of registered sex offenders. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 444, § 6, 1999 Tex. Gen. Laws 2824, 2826, *amended by* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art. 62.057, 2005 Tex. Gen. Laws 3385, 3401 (current version at Tex. Code Crim. Proc. Ann. art. 62.057 (West Supp. 2012).

Johnson contends that certain other 2005 amendments to chapter 62 of the Texas Code of Criminal Procedure violate the Texas Constitution's ex post facto provision. *See* Tex. Code. Crim. Proc. Ann. arts. 62.061, 62.062, 62.152, 62.153 (West 2006).[2] A savings provision found in the enacting legislation for the 2005 amendments continues the prior law to the extent that the changes in law made by the act "change the elements

---

[2]Johnson groups article 62.062 with his discussion of the 1999 amendments to the sex offender registration statute, but the Legislature enacted article 62.062 in 2005. *See* Act of May 26, 2005, 79th Leg., R.S., ch.1008, § 1.01, art. 62.062, 2005 Tex. Gen. Laws 3385, 3405.

7

of or punishment for conduct constituting a violation of Chapter 62[.]" *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 4.01, 2005 Tex. Gen. Laws 3385, 3422. Article 62.061 requires a person who registers to comply with a request for a DNA specimen; article 62.062 prevents local law enforcement from publishing notices regarding registering persons subject to delinquent conduct adjudications; article 62.152 applies to persons with reportable convictions who reside in another state but work or attend school in this state; and article 62.153 requires a person with a reportable conviction who is employed or attends an institution of higher education in Texas to report to a campus authority. *See* Tex. Code. Crim. Proc. Ann. arts. 62.061, 62.062, 62.152, 62.153. However, unlike *Rodriguez*, Johnson does not claim that he was not subject to registering in 1998 after being convicted of aggravated sexual assault. *See* Act of June 1, 1997, ch. 668, § 1, 75th Leg., R.S., 1997 Tex. Gen. Laws 2253, 2254.

Significantly, Johnson was not prosecuted for violating the provisions of the statute that he has cited in his brief. Instead, Johnson was prosecuted for failing to register as a sex offender within seven days of arriving in Montgomery County, Texas— that requirement existed in the 1998 version of the sex offender registration statute when Johnson was convicted of aggravated sexual assault, a reportable offense. *See* Tex. Code Crim. Proc. Ann. art. 62.051(a)(1); *see also* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, art. 62.02(a), 1997 Tex. Gen. Laws 2253, 2254. Because the various requirements about which Johnson complains on appeal were not applied to him, any potential ex post

facto effect of these provisions on him are too speculative and attenuated to implicate article I, section 16 of the Texas Constitution. *See Johnson*, 930 S.W.2d at 591.

Johnson additionally complains that the amendment to article 62.101 extended the period during which he is required to register. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art. 62.101, 2005 Tex. Gen. Laws 3385, 3405 (amended 2011). However, the law in effect in 1998, former article 62.12, also required Johnson to register for the remainder of his life. Former article 62.12 provided: "The duty to register for a person with a reportable conviction or adjudication for a sexually violent offense . . . ends when the person dies." *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, art. 62.12, 1997 Tex. Gen. Laws 2253, 2261 (amended 1999, 2003, renumbered 2005) (current version at Tex. Code. Crim. Proc. Ann. art. 62.101 (West Supp. 2012)). We conclude that article 62.101 is not punitive in nature, as it is not more severe than the version applicable to Johnson following his 1998 conviction. *See Grimes*, 807 S.W.2d at 587.

Given the guidance of the Court of Criminal Appeals in *Rodriguez*, we are not persuaded that the 1999 and 2005 amendments can be properly classified as punitive, even though the failure of a person required to register results in a criminal penalty. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West 2006); *Rodriguez*, 93 S.W.3d at 79 (concluding that the intent of the 1997 amendment to the Texas's sex-offender registration statute was civil and remedial in nature). The Legislature enacted the sex offender registration statute with the goal of promoting public safety. *Rodriguez*, 93

9

S.W.3d at 68-69. Johnson has not identified how the amendments at issue have increased his punishment. *See id.* at 69; *see also White v. State*, 988 S.W.2d 277, 278-79 (Tex. App.—Texarkana 1999, no pet.) (holding that because registration is not punitive, the version of the statute in effect on date defendant was accused of failing to report applied). "In the absence of contrary evidence, we will presume that the legislature acted in a constitutionally sound fashion." *Rodriguez*, 93 S.W.3d at 69.

Johnson was convicted and sentenced for failing to register as a sex offender in 2010, not for committing a sexual assault in 1998. A failure to report if the person had a reportable offense under chapter 62 was criminal in 1998, when Johnson acquired a reportable conviction, and criminal in 2010, when Johnson failed to register with the Sheriff as a sex offender in Montgomery County, as required by chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.102; *see also* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, art. 62.10, 1997 Tex. Gen. Laws 2253, 2260. In 2010, Johnson's offense was a third degree felony. *See* Tex. Code Crim. Proc. Ann. art. 62.102(b)(2); *see also Rodriguez*, 93 S.W.3d at 79 (holding that no ex post facto violation occurred, where the challenged amendments to the sex offender registration statute were civil and remedial in nature, and that the charged conduct was a criminal offense on the date the defendant failed to register). Because Johnson has failed to show the amendments at issue violate article I, section 16 of the Texas Constitution, we overrule Johnson's sole issue. We affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 6, 2012
Opinion Delivered January 16, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.

11