**Affirm and Opinion Filed May 14, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00130-CR

**ROMAN JESSE MENDOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 26999-422**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice FitzGerald

On remand to the trial court, a jury convicted appellant of murder and the trial court assessed punishment at fifty years' imprisonment. On appeal, appellant argues the trial court acted in a vindictive manner by increasing his sentence by five years over the sentence he received after his first trial. Alternatively, if the vindictiveness issue was waived for purposes of appeal, appellant asserts he was denied the effective assistance of counsel. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

### BACKGROUND

**A**ppellant was convicted of murder in 2009, and sentenced to forty-five years' imprisonment. This Court reversed the 2009 conviction. *See Mendoza v. State*, 349 S.W.3d 273, 284 (Tex. App.—Dallas 2011, pet. ref'd).

On remand, the State presented substantially the same case that was presented during the first trial. Essentially, witnesses testified that the victim was killed by being stabbed nine times in his chest, sides, and the back of his head and neck. Appellant admitted he stabbed the victim and disposed of the murder weapon, but claimed he acted in self-defense. At the conclusion of the evidence in the second trial, a new jury convicted appellant of murder. Appellant elected to have the trial judge assess punishment.

The record reflects that defense counsel questioned appellant about his decision to have the judge determine punishment. Defense counsel questioned appellant about his understanding that the trial judge would not be limited to the forty-five year sentence imposed by the jury following the first trial. The questions and answers, in pertinent part, were as follows:

> COUNSEL: But there was some circumstances in which the Judge may not even be capped out and that is if there are some intervening or some extra activities that have occurred since you first got the 45; and if those circumstances exist, the Judge might not be capped out at 45. And if he's not capped out, then he has the full range of punishment available to him. We talked about that?

> THE DEFENDANT: Yes.

> COUNSEL: What I'm referring to is this DWI that you got somewhere around that's still pending. You understand that's kind of where we're talking about we've got some new circumstances that have arisen that would allow the Judge to assess the full range of punishment if he so chose to.

> THE DEFENDANT: Yes, I understand.

During the punishment hearing, the parties agreed to admit portions of the record from the first trial in lieu of recalling all of the punishment witnesses from that case. The defense called one live character witness to testify on appellant's behalf. The State called Texas DPS Trooper Shaw to testify about the DWI offense appellant committed while on bond pending retrial of the case.

Shaw testified that he stopped appellant at 8:50 p.m. on the night of March 2012 because "he had a license plate out." Shaw smelled the odor of alcoholic beverage "emitting from the vehicle." When Shaw asked appellant if he had consumed any alcoholic beverages, appellant initially replied "no," but then stated he had consumed "one or two." An empty ale bottle was found in the vehicle. Shaw performed field sobriety tests and determined that appellant was intoxicated. After appellant was arrested for driving while intoxicated, he agreed to provide a breath specimen.

The State introduced the intoxilyzer results into evidence. Shaw testified that the legal limit of intoxication in the State of Texas is 0.08. Appellant's test results showed 0.144 and 0.140, which is above the legal limit.

During closing argument at the punishment hearing, the defense requested that the court find appellant committed the murder under the influence of sudden passion. In response, the prosecutor reminded the court that appellant was discharged from the military for using crack cocaine. He had a DWI offense before he was indicted for the murder at issue here. While on bond before the first trial, appellant committed a burglary of a habitation with intent to commit a felony and flight from the police Then, while on bond awaiting the retrial of the case after remand, appellant was charged with the DWI offense. The State argued that appellant's actions constituted a repeated pattern of antisocial, violent, and volatile behavior. When the punishment hearing concluded, the trial judge sentenced appellant to fifty years' imprisonment.

## ANALYSIS

In his first issue, appellant asserts the trial court's sentence was vindictive because the sentence was increased from the forty-five year sentence imposed by the jury in the first trial to the fifty year sentence imposed here. Appellant relies only on this five-year differential as evidence of vindictiveness.

It is well-established that the "imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal . . . [is] a violation of due process of law." *North Carolina v. Pearce*, 395 U.S. 711, 724 (1969), *overruled in part on other grounds in Alabama v. Smith*, 490 U.S. 794 (1989).[1] But, as the *Pearce* court observed, there is no absolute constitutional bar to the imposition of a more severe sentence upon retrial. *Pearce*, 395 U.S. at 723. Upon retrial after appeal, due process is offended only in those cases that "pose a realistic likelihood of vindictiveness." *Blackledge v. Perry*, 417 U.S. 21, 27 (1974); *see also Johnson v. State,* 930 S.W.2d 589, 592 (Tex. Crim. App. 1996) (stating due process rights violated if resentencing is vindictive response to assertion of right to appeal).

A trial court's reasons for imposing a harsher sentence after a new trial must appear affirmatively in the record. *Alabama v. Smith*, 490 U.S. 794, 798 (1989). Otherwise, a presumption arises that the trial court imposed a greater sentence for a vindictive purpose. *Id.* at 798-99. The State may rebut this presumption with objective information justifying the increased sentence. *Id.* at 799. And the trial court may consider any information that reasonably bears on the defendant's proper sentence. *Wasman v. United States*, 468 U.S. 559, 563 (1984). Indeed, the Supreme Court has recognized the state's legitimate interest "in dealing in a harsher manner with those who by repeated criminal acts have shown that they are incapable of conforming to the norms of society as established by its criminal law." *Texas v. McCullough*, 475 U.S. 134, 144 (1986). To this end, the Constitution does not require a judge to ignore objective information that may justify an increased sentence. *See id.* at 142.

On these facts, we conclude no circumstances of vindictiveness are apparent here. Murder is a first-degree felony punishable by imprisonment for a term of five to ninety-nine

---

[1] In *Alabama v. Smith*, the Supreme Court overruled *Simpson v. Rice*, a companion case to *Pearce*. The *Smith* court concluded that no presumption of vindictiveness arises when the first conviction was based on a guilty plea, and the increased sentence followed a trial. *Smith*, 490 U.S. at 795.

years, with a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. § 12.32 (West 2005). Although appellant was sentenced to forty-five years' imprisonment following the first trial, and fifty years' imprisonment following the second trial, there is nothing to suggest the increased sentence was imposed in response to appellant's exercise of his right to appeal.

The record reflects that when appellant was released on bond pending the new trial in this case, certain conditions were imposed, including a condition that prohibited appellant from using, possessing, or consuming any alcoholic beverages. The record further reflects that appellant violated this condition when he was arrested for DWI with a blood alcohol level significantly in excess of the legal limit for intoxication. Appellant acknowledged his understanding that this violation could result in the imposition of a higher sentence than the jury assessed upon conclusion of the first trial. From this evidence, the trial court could reasonably conclude that appellant is unable to conform his behavior to the requirements of law. The reason for the increased sentence is affirmatively apparent on the record. Appellant's first issue is overruled.

Our resolution of appellant's first issue obviates the need to consider appellant's second issue. *See* TEX. R. APP. P. 47.1. The trial court's judgment is affirmed.


/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130130F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROMAN JESSE MENDOZA, Appellant

No. 05-13-00130-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 26999-422.
Opinion delivered by Justice FitzGerald.
Justices Moseley and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 14, 2014.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE