# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2020

Lyle W. Cayce
Clerk

No. 19-11181

United States of America,

*Plaintiff—Appellee*,

*versus*

Alonso Sanchez Ochoa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-176-1

Before Smith, Clement, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

The question presented is whether a defendant can demand that his federal sentence run concurrently with a state sentence without establishing that both are premised on the same conduct. The district court said no. We agree and affirm.

I.

A bank surveillance camera caught Ochoa cashing a stolen check. It was addressed to "Zoetis." Ochoa previously registered the name Zoetis as a "Doing Business As" ("DBA") in Dallas County. That DBA allowed

Ochoa to complete the transaction using his own Texas driver's license, date of birth, and signature. Bank records show he cashed 12 more stolen checks the same way—each time using his own information and a corresponding DBA. Ochoa pleaded guilty to one count of stolen mail in violation of 18 U.S.C. § 1708.

His Pre-Sentence Report ("PSR") reflected no other pending charges. Ochoa objected on the ground that he had "state charges pending in Tarrant County, Dallas County, Hood County, and Ellis County in the State of Texas." Because Ochoa contended the state charges were based on "relevant conduct to this federal charge," he asked that his "federal sentence be ordered to run concurrent with any state sentences he may receive." *See* U.S.S.G. § 5G1.3(c). The Government said it was "not opposed to an order that the defendant's federal sentence . . . run concurrently with any related state charges," and it "would defer to the U.S. Probation Office's determination." In an addendum to the PSR, the Probation Office reported that "[a] record check revealed a pending offense out of the Ellis County District Attorney's Office; however, no court information was available."

At Ochoa's sentencing hearing, defense counsel again asked that the district court order Ochoa's federal sentence to run concurrently with any subsequent state sentences. Counsel pointed the district court to the Probation Office's addendum, which noted there was no court information on the reported Ellis County charge. After a pause, the judge said, "Well, without more information, I don't see how I can say concurrent with pending related offenses. I think it's going to have to be determined by those counties."

The district court sentenced Ochoa to a within-Guidelines term of 27 months in prison. The district court didn't specify whether the federal sentence would run concurrently with or consecutively to any subsequent

state sentence. Our precedent requires us to presume the latter. *See United States v. Candia*, 454 F.3d 468, 475 (5th Cir. 2006).

## II.

Ochoa argues that the district court's failure to impose a concurrent sentence violates Section 5G1.3(c). We have previously recognized this precise argument as a procedural-reasonableness challenge. *See, e.g.*, *United States v. Johnson*, 760 F. App'x 261, 263 (5th Cir. 2019) (per curiam). But Ochoa challenges his consecutive sentence as substantively unreasonable. Either way, we review for abuse of discretion and find none. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

## A.

"After [the Supreme] Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are advisory only. But a district court still must consult those Guidelines and take them into account when sentencing." *Hughes v. United States*, 138 S. Ct. 1765, 1772 (2018). Section 5G1.3(c) advises that when "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c). Thus, to trigger this Guideline provision, the state sentence must be both (1) "anticipated" and (2) based on conduct "relevant" to the federal offense. U.S.S.G. § 5G1.3(c).

Section 5G1.3(c) does not define "anticipated." *Ibid.* But we have treated pending state charges as "anticipated." *See, e.g.*, *United States v. Looney*, 606 F. App'x 744, 748 (5th Cir. 2015) (per curiam) (defining an "anticipated" state sentence as one based on a pending state charge). *But see United States v. McCowan*, 763 F. App'x 369, 371 (5th Cir. 2019) (per curiam) ("While § 5G1.3 applies to 'anticipated' sentences, [the appellant] cites no

authority requiring the district court to apply its provisions when the likelihood that a future sentence will be imposed is wholly speculative."). We assume for the sake of argument that Ochoa's pending charge in Ellis County is "anticipated."

But that charge also must be "relevant" to Ochoa's stolen-mail conviction. The Guidelines define "relevant conduct" as "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). And Section 5G1.3(c) incorporates that definition. U.S.S.G. § 5G1.3(c).

At Ochoa's sentencing hearing, defense counsel amorphously asserted, "there may be some scattered state prosecutions of relevant conduct in Ellis, Tarrant, Hood and maybe Johnson Counties." He suggested that Ochoa's "federal sentence could at least be concurrent with any of those." When the district court inquired about the charges, counsel pointed to the PSR's addendum. The last page documented a single Ellis County charge for which "no court information was available."

That is all Ochoa presented. He did not present evidence that the Ellis County offense was "part of the same course of conduct" as the stolen-mail offense. U.S.S.G. § 1B1.3(a)(2). Nor did he present evidence that the offenses were part of a "common scheme or plan." *Ibid.* So the district court did not err by concluding the two were not related. *Cf. United States v. Horton*, 950 F.3d 237, 243 (5th Cir. 2020) (finding "a temporal connection between the offenses . . . insufficient to establish a relevant conduct determination"), *petition for cert. filed* (U.S. July 16, 2020) (No. 20-5091); *United States v. Terrazas*, 815 F. App'x 767, 772 (5th Cir. 2020) (per curiam) (upholding as "plausible" the district court's conclusion that two drug offenses were not based on "relevant conduct"). And without a state offense relevant to Ochoa's federal offense, Section 5G1.3(c) is inapplicable.

No. 19-11181

## B.

It is unclear whether Ochoa also intends to challenge his within-Guidelines sentence as substantively unreasonable. If he intends such a challenge, it fails.

We review "sentences for 'reasonableness' measured against the factors listed in 18 U.S.C. § 3553(a)." *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012) (citation omitted). Within-Guidelines sentences are "presumptively reasonable and [are] accorded great deference on review." *Candia*, 454 F.3d at 473. Ochoa can rebut this presumption only "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors." *Rashad*, 687 F.3d at 644.

Ochoa does not question the district court's application of the § 3553(a) factors. Nor does he contest the length of his federal sentence. Instead, he challenges the length of time he *might* be imprisoned *if* he's convicted and sentenced on the Ellis County charge. Ochoa says this error could double the length of his sentence. Therefore, Ochoa concludes, "his substantial rights have been harmed."[†]

---

[†] The only question before our court is the legality of Ochoa's federal sentence. Insofar as he bases his prejudice argument on potentialities in state court, however, we note that state law could give him a second opportunity to argue that his sentences should run concurrently—if and when Ochoa is convicted and sentenced on the Ellis County charge. *See* Tex. Code Crim. Proc. art. 42.08(a) (granting Texas judges discretion to order that sentences run concurrently when a defendant is convicted of multiple offenses); *Cook v. State*, 824 S.W.2d 634, 643 (Tex. App.—Dallas 1991) (concluding article 42.08 allows "cumulation of state and federal sentences"), *pet. ref'd*, 828 S.W.2d 11 (Tex. Crim. App. 1992) (en banc).

There are at least two problems with Ochoa's argument. Most importantly, it does not address the § 3553(a) factors, which provide the only means for rebutting the presumption of reasonableness. *See Rashad*, 687 F.3d at 644. And secondarily, "'[m]ere objections'" without evidence to support them cannot rebut the presumption of reasonableness. *Horton*, 950 F.3d at 242 (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)). Ochoa did not submit "'affidavits or other evidence . . . to rebut the information contained in the PSR,'" so the district court was entitled to adopt the PSR's "'findings without further inquiry or explanation.'" *Ibid.* (quoting *United States v. Vital*, 68 F.3d 114, 120 (5th Cir. 1995)).

AFFIRMED.