# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2020

Lyle W. Cayce
Clerk

No. 19-11306

United States of America,

*Plaintiff—Appellee*,

*versus*

Bryan Montalvo,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-160-1

Before Davis, Stewart, and Oldham, *Circuit Judges*.

Per Curiam:*

Bryan Montalvo pleaded guilty to drug charges. The district court denied a motion for downward departure and sentenced Montalvo to the bottom of his Guideline range. Because that sentence was reasonable, we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-11306

I.

Montalvo pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine. The drug weight, his extensive criminal history, two enhancements, and one reduction resulted in an advisory Guideline range of 292 to 365 months of imprisonment. Hoping to reduce his sentence, Montalvo agreed to provide inside information about his co-conspirators to the Government. He participated in four "proffer interviews" with federal agents to that end. In light of Montalvo's assistance, the Government filed a motion to reduce his sentence under U.S.S.G. § 5K1.1.

But the proffer interviews did not just reveal information about Montalvo's co-conspirators. They also revealed that Montalvo possessed more than five times the amount of meth initially included in his Presentence Report. So a probation officer filed an addendum to Montalvo's PSR. The addendum informed the court that Montalvo's Guideline range would have been "360 months to Life imprisonment" had he been held responsible for all the meth he possessed.

The district court addressed the Government's § 5K1.1 motion and the PSR addendum at sentencing. It agreed that Montalvo had "provided substantial assistance to the government." But given Montalvo's criminal history and the fact that his "actual criminal conduct . . . was much more serious than [he] was charged with," the court declined to impose a sentence "below the bottom of the advisory guideline range." It sentenced Montalvo to 292 months in prison after finding that length would "adequately and appropriately address all the sentencing factors." Montalvo timely appealed.

II.

Montalvo challenges his sentence as substantively unreasonable. He preserved his challenge by requesting a sentence below the advisory

sentencing range. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020). So we review for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020). Within-Guidelines sentences like Montalvo's "are presumptively reasonable and are accorded great deference on review." *Ochoa*, 977 F.3d at 357 (quotation omitted). This presumption "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Montalvo's argument centers on the second of those avenues for relief. Specifically, he contends the district court improperly based its sentencing determination on details about Montalvo's drug possession that he revealed during his proffer interviews. Montalvo relies on § 1B1.8 of the Sentencing Guidelines, which provides:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

U.S.S.G. § 1B1.8(a).

The record shows that Montalvo did in fact "agree[] to cooperate with the government" by providing helpful information about his co-conspirators. And part of his written cooperation agreement included the Government's promise that "no self-incriminating statements made by defendant during

the proffer interview(s) will be used against him in any criminal trial or sentencing proceeding." So far so good for Montalvo.

But that is not the end of the matter. Section 1B1.8 also states that "[t]he provisions of subsection (a) shall not be applied to restrict the use of information . . . in determining whether, or to what extent, a downward departure from the guidelines is warranted pursuant to a government motion under § 5K1.1." *Id.* § 1B1.8(b)(5). And Montalvo "expressly acknowledge[d]" in his proffer agreement "that any self-incriminating information he might disclose pursuant to th[e] agreement may be used for th[at] purpose[]."

Thus, the substantive reasonableness (or unreasonableness) of Montalvo's sentence turns on the way the district court used his inculpatory proffer evidence. If the court used that evidence to "determin[e] [Montalvo's] applicable guideline range," then it improperly applied § 1B1.8(a). But if the court used the evidence to "determin[e] whether . . . a downward departure . . . [was] warranted . . . under § 5K1.1," then it properly applied § 1B1.8(b).

The sentencing transcript clearly shows the district court did the latter. After hearing testimony about Montalvo's cooperation, the court said this:

> Well, you have provided substantial assistance to the government. Unfortunately, your criminal history is such and the actual criminal conduct that resulted in us being here today was much more serious than you were charged with[.] . . . [H]ad you been . . . charged with your actual criminal conduct as it was finally disclosed pursuant to interviews that were made as a result of your agreement with the government[,] [y]our guideline range would have been 360 months to life imprisonment. *Of course, I can't take that into account in determining what sentence to impose except to the extent I can take*

> *it into account in determining the ruling I should make on the motion*
> *by the government for a sentence below the bottom of the advisory*
> *guideline range.*

The italicized portion is an unmistakable reference to the Government's § 5K1.1 motion. And it leaves no doubt that the district court acted properly under § 1B1.8(b).

Montalvo nevertheless claims that a "less than clear" tentative order issued by the district court prior to the sentencing hearing "looms as a cloud over the sentence." In his view, the non-binding and superseded order suggests the district court intended to use the proffer evidence to "form a hypothetical, higher advisory sentencing range." Montalvo asserts it was only after the district court created that impermissible range that it considered whether to depart downward in light of Montalvo's assistance to the Government.

We reject that argument for two reasons. First, the tentative order does not say what Montalvo thinks it says. The order began with the district court's preliminary assessment that "all objections made by defendant to the presentence report are without merit." Then it identified two factors the court planned to consider "in determining what, if any, reduction in defendant's sentence of imprisonment should be granted based on whatever assistance defendant might have provided to the government." One of those factors was the PSR addendum's observation that if Montalvo's "true offense conduct had been taken into account" as revealed in his proffer interviews, "his advisory guideline imprisonment range would have been 360 months to life imprisonment."

Montalvo interprets the order's reference to a "reduction in [his] sentence" to mean that the district court was thinking about more than just the Government's § 5K1.1 departure motion. But the only reason the district

court gave for contemplating a reduction was "whatever assistance [Montalvo] might have provided to the government." And the only reason that assistance could have mattered was because § 5K1.1 made it relevant. *See* U.S.S.G. § 5K1.1 (authorizing district court to "depart from the guidelines" upon a "motion of the government stating that the defendant has provided substantial assistance").[1] So the best reading of the tentative order is that the district court was doing exactly what it was supposed to: using the proffer evidence to "determin[e] whether . . . a downward departure from the guidelines [was] warranted pursuant to a government motion under § 5K1.1." *Id.* § 1B1.8(b)(5).

Second, even if the tentative order could be read to suggest that the district court initially considered using the proffer evidence to amend Montalvo's Guideline range, the court's subsequent comments at the sentencing hearing show it changed its mind. Paraphrasing § 1B1.8, the court said it could not "take [the proffer evidence] into account . . . except . . . in determining the ruling [it] should make on the [§ 5K1.1] motion." Montalvo himself concedes the district court's sentencing statement "does not square with" his interpretation of the district court's prior order. And the sentencing statement is all that matters. *See Cooks*, 589 F.3d at 186 (holding a defendant claiming substantive unreasonableness must show "that the *sentence* . . . gives significant weight to an irrelevant or improper factor" (emphasis added)).

Because the district court only considered Montalvo's proffer evidence for purposes of the Government's § 5K1.1 motion, the court did not

---

[1] 18 U.S.C. § 3553(e) also authorizes downward departures "[u]pon motion of the Government . . . so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." But nothing in the record indicates the Government filed a § 3553(e) motion in this case.

No. 19-11306

give weight to an improper sentencing factor. Montalvo brings no additional challenge to the reasonableness of his sentence.[2]

AFFIRMED.

---

[2] Montalvo separately challenges the district court's discretionary decision to deny the Government's § 5K1.1 departure motion. But he concedes "this argument is foreclosed" by circuit precedent and raises it only "to preserve it for further review." *See United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013) ("We lack jurisdiction to review the denial of a downward departure unless the district court's denial resulted from a mistaken belief that the Guidelines do not give it authority to depart."); *see also* 18 U.S.C. § 3742(a)(3) ("A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . is *greater* than the sentence specified in the applicable guideline range . . . ." (emphasis added)).