# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2021

Lyle W. Cayce
Clerk

No. 21-10350
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Antonio Barahona-Paz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-258-1

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Jose Antonio Barahona-Paz pleaded guilty to illegal reentry after deportation. He was sentenced to, *inter alia*, an above-Sentencing Guidelines term of 36-months' imprisonment. Barahona contends: the statutory enhancement provision in 8 U.S.C. § 1326(b) (criminal penalties for reentry

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

of certain removed aliens) is unconstitutional and, therefore, his guilty plea was unknowing and involuntary; and his sentence was substantively unreasonable.

Constitutional questions are reviewed *de novo*. *United States v. Brown*, 250 F.3d 907, 913 (5th Cir. 2001). Barahona contends: 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (explaining "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"); and, as a result, his guilty plea was not knowing and voluntary because the court did not advise him that a prior conviction is an element of the offense under § 1326(b). As he concedes, however, his assertion § 1326(b) is unconstitutional is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27, 239–47 (1998) (holding, for purposes of statutory sentencing enhancement, prior conviction not a fact that must be asserted in indictment or found by jury beyond reasonable doubt), and raises the issue only to preserve it for possible further review. *See also*, *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007) (considering the effect of *Apprendi*). Accordingly, his plea assertion fails as well.

Regarding his claimed substantively-unreasonable sentence, Barahona asserts the court erred by: imposing an upward variance; not giving him credit for time spent in state custody; and not ordering his sentence be served concurrently with his state sentences under Guideline § 5G1.3 (offenses with relevant conduct). Each claim fails.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to

an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Of these three assertions, however, Barahona did not preserve the third: that the court should have ordered his federal sentence to be served concurrently with any sentence he will receive on his state charges, pursuant to Guideline § 5G1.3(c). Therefore, as Barahona acknowledges, review is only for plain error for that assertion. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Barahona must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

For the upward-variance issue, Barahona has not shown the court: did "not account for a factor that should have received significant weight"; gave "significant weight to an irrelevant or improper factor"; or "represent[ed] a clear error of judgment in balancing the sentencing factors". *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (explaining standard for substantively-unreasonable sentence). The court: reviewed and adopted the presentence investigation report; considered Barahona's mitigating assertions; and determined an upward variance was appropriate because his Guidelines range substantially underrepresented his criminal history and because of the likelihood he would commit other crimes, especially illegal entry. Along that line, his contention that the court should have weighed the

sentencing factors differently "is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). He has also not shown the extent of the upward variance was not justified. *See Gall*, 552 U.S. at 51 (explaining reviewing court "may consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [sentencing] factors, on a whole, justify the extent of the variance").

Moreover, in the light of Barahona's extensive history of immigration offenses and prior deportations, the court did not err in rejecting his assertion that he should have received credit for time spent in state custody. *See* U.S.S.G. § 2L1.2, cmt. n.7 (explaining departure based on time served in state custody considered only where departure not likely to increase risk to public).

For his assertion reviewed only for plain error, Barahona has not shown the requisite clear or obvious error concerning whether his state offenses were relevant conduct under Guideline § 1B1.3 & cmt. n.5(B) (defining "same course of conduct or common scheme or plan"). *See* U.S.S.G. § 5G1.3(c) (instructing court to order concurrent sentences when anticipated sentence results from "another offense that is *relevant* conduct to the instant offense" (emphasis added)); *United States v. Ochoa*, 977 F.3d 354, 357 (5th Cir. 2020) (explaining defendant must show offenses are "part of the same course of conduct" or "part of a common scheme or plan" (citation omitted)), *cert. denied*, 141 S. Ct. 1281 (2021).

AFFIRMED.