# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2023

Lyle W. Cayce
Clerk

No. 22-20577
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Darius James Francis,

*Defendant—Appellant*.
_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-85-1
_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Darius James Francis pled guilty to two counts of possession of a firearm by a felon (Counts One and Three) and one count of possession of ammunition by a felon (Count Two), all in violation of 18 U.S.C. § 922(g)(1)

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

and punishable under former 18 U.S.C. § 924(a)(2).[1] The State of Texas also charged Francis with manslaughter, aggravated assault with a deadly weapon, and possession of a firearm by a felon. His presentence report ("PSR") determined that these charges were relevant conduct to Count One. Accordingly, the PSR provided that the district court should order Francis's federal sentence to run concurrently with the anticipated sentences on his state charges pursuant to U.S.S.G. § 5G1.3(c). In addition, Francis was charged with two unrelated state offenses for evading arrest and aggravated robbery.

The district court sentenced Francis to a total of 97 months of imprisonment and three years of supervised release. Because the judgment was silent as to whether the federal sentence would run concurrent with or consecutive to the anticipated state sentences, Francis's federal sentence presumably will run consecutively to any state sentences. *See* 18 U.S.C. § 3584(a); *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020). Francis now appeals.

First, Francis argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it violates the Second Amendment according to *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), and exceeds Congress's power under the Commerce Clause, U.S. CONST. art. I, § 8, cl. 3. He correctly acknowledges, however, that his Commerce Clause claim is foreclosed by *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013).

Francis additionally concedes that plain error review applies to his arguments because he did not raise them in the district court. *See United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994). Francis therefore must

---

[1] Since the date of the offenses, Section 924(a)(2) has been amended and recodified at 18 U.S.C. § 924(a)(8).

show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (citations omitted). There can be no plain error here because no binding precedent explicitly holds that Section 922(g)(1) is unconstitutional and it is not clear that *Bruen* dictates such a result. *See United States v. Jones*, -- F.4th --, 2023 WL 8074295 (5th Cir. Nov. 21, 2023).

Next, Francis challenges the consecutive nature of his sentence as procedurally and substantively unreasonable. *See United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006). Francis preserved this argument by requesting a concurrent sentence, so we review the district court's sentencing decision for abuse of discretion. *See United States v. Reyes-Lugo*, 238 F.3d 305, 307–08 (5th Cir. 2001).

Francis claims that the district court misunderstood the law and procedurally erred by failing to consider that a state judgment ordering concurrent sentences would be nonbinding on federal authorities. *See Leal v. Tombone*, 341 F.3d 427, 429 & n.13 (5th Cir. 2003); *Causey v. Civiletti*, 621 F.2d 691, 693–94 (5th Cir. 1980); *see also Gall v. United States*, 552 U.S. 38, 51 (2007). A federal sentence is not unreasonable merely because it conflicts with a state judgment. *See Setser v. United States*, 566 U.S. 231, 244 (2012).

In light of the PSR and the exchange between the district court and counsel at the sentencing hearing, Francis fails to show that the district court misunderstood its authority or committed procedural error. *See United States v. Eustice*, 952 F.3d 686, 692 (2020); *Candia*, 454 F.3d at 478; *see also Setser*, 566 U.S. at 236–37. To the extent that Francis contends that the state court will impose a concurrent sentence that the Bureau of Prisons cannot or will

not credit, his argument is "premature and speculative." *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir. 2020).

Finally, Francis challenges the substantive reasonableness of his sentence. *See Candia*, 454 F.3d at 473. In this case, the district court adopted the PSR, listened to the parties' arguments and Francis's allocution, and considered the 18 U.S.C. § 3553(a) factors in determining the sentence. *See Eustice*, 952 F.3d at 692; *Candia*, 454 F.3d at 478. The district court was "in a superior position to find facts and judge their import under § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Accordingly, the district court's consecutive sentence was substantively reasonable.

AFFIRMED.