# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-50282
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY JAMES BELL,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-170-1

―――――――――――――――――――――

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Timothy James Bell appeals the within-guidelines sentence imposed following his guilty plea convictions for possession with intent to distribute 50 grams or more of actual methamphetamine, distribution of 50 grams or more of actual methamphetamine, and conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine. On appeal, he

――――――――――――――――

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

argues that his 170-month sentence, including the order that it run consecutively to any sentence resulting from a pending state charge, is unreasonable because the district court failed to provide sufficient explanation for the sentence as required under 18 U.S.C. § 3553(c). His argument amounts to an assertion of procedural error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009); *see also United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020).

Bell asserts that *Holguin-Hernandez v. United States*, 140 S. Ct. 762 (2020), changed the law such that his advocacy for a sentence lower than was imposed was sufficient to preserve this procedural issue on appeal. However, we have already rejected this argument. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021). Because Bell did not object to the adequacy of the district court's explanation at sentencing, his argument is subject to plain error review. *See Mondragon-Santiago*, 564 F.3d at 361. To establish plain error, Bell must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, alterations, and citation omitted).

Here, there is no clear or obvious error. *See Rita v. United States*, 551 U.S. 338, 356-58 (2007); *Puckett*, 556 U.S. at 135. Regardless, even if Bell could show that the district court clearly or obviously erred by failing to provide sufficient explanation for his sentence, he fails to show that any such error affected his substantial rights. *See Puckett*, 556 U.S. at 135. Bell does not argue, and the record contains no indication, that a more detailed explanation would have resulted in a lesser sentence. *See Mondragon-Santiago*, 564 F.3d at 364-65.

Likewise, the district court did not clearly or obviously err by failing to state why it imposed Bell's sentence to run consecutively to any sentence resulting from Bell's pending state charge. While other circuits have addressed this issue, neither this court nor the Supreme Court has held that a district court's failure to explain its rationale for imposing consecutive sentences constitutes a procedural error. *United States v. Gozes-Wagner*, 977 F.3d 323, 343 & n.15 (5th Cir. 2020). Without controlling precedent requiring the district court to explain its rationale for imposing consecutive sentences, Bell cannot demonstrate clear or obvious error. *See Puckett*, 556 U.S. at 135.

We decline to interpret Bell's brief to include a challenge to the substantive reasonableness of his sentence. *See United States v. Still*, 102 F.3d 118, 122 n.7 (5th Cir. 1996); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

Finally, we note that the brief demonstrates that appointed counsel, Chad Phillip Van Cleave, has not fulfilled "[h]is role as advocate [which] requires that he support his client's appeal to the best of his ability." *Anders v. California*, 386 U.S. 738, 744 (1967); Fed. R. App. P. 28(a)(8)(A). Counsel's brief lacks appropriate citations to the record, misrepresents the appropriate standard of review, fails to set forth any specific facts concerning Bell's sentencing hearing, and provides conclusory and broad arguments. Notably, counsel has continued to misrepresent the law by citing *Holguin-Hernandez* to assert that his procedural § 3553(c) argument is preserved for appellate review. He has continued to do so after we have issued opinions in his prior cases appropriately treating his argument as a procedural challenge and explaining that where the defendant did not object to the adequacy of the district court's explanation for his sentence at sentencing, review is for plain error.

No. 23-50282

Counsel is cautioned that future similar deficiencies could subject him to sanctions, including denial of payment of fees or disqualification from the Criminal Justice Act Panel.

AFFIRMED; SANCTION WARNING ISSUED.