# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2025

Lyle W. Cayce
Clerk

No. 24-30352
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNTRELL CRUTCHFIELD,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-108-3

_____

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Johntrell Crutchfield challenges his 71-months' sentence, imposed following his guilty-plea conviction in mid-2024 for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Crutchfield contends the district court abused its discretion under Sentencing Guideline § 5G1.3(d) by ordering his sentence to run consecutively, rather than concurrently, to an

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

undischarged 50-month term of imprisonment, imposed following his conviction in late 2022 for being a felon in possession of a firearm.

Following *United States v. Booker*, 543 U.S. 220 (2005), our court reviews a sentence, including its consecutive nature, for reasonableness in the light of the 18 U.S.C. § 3553(a) sentencing factors. *E.g.*, *United States v. Candia*, 454 F.3d 468, 472–73 (5th Cir. 2006). Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Because Crutchfield requested a concurrent sentence in the district court, he preserved his reasonableness challenge. *See United States v. Reyes-Lugo*, 238 F.3d 305, 307–08 (5th Cir. 2001). Although he does not specify whether he is challenging the consecutive sentence's procedural reasonableness, substantive reasonableness, or both, our court reviews the district court's decision to impose a consecutive sentence for abuse of discretion. *E.g.*, *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020) (consecutive-sentence challenge subject to abuse-of-discretion standard).

Crutchfield contends the district court should have considered the "fortuity and timing of separate prosecutions and sentencings"; but that language applies only in "extraordinary" cases, such as when "defendant has served a very substantial period of imprisonment on an undischarged term of

imprisonment that resulted from conduct only partially within the relevant conduct for the instant offense". U.S.S.G. § 5G1.3(d) cmt. 4(E). As Crutchfield acknowledges, the firearm offense was not relevant conduct to the wire-fraud offense. Moreover, the record shows that the court did consider the timing of the prosecutions, his prison status, and his eligibility for a halfway house. Accordingly, Crutchfield fails to show any procedural error in the court's consideration and application of § 5G1.3(d). *See Gall*, 552 U.S. at 51; *Ochoa*, 977 F.3d at 356.

Additionally, Crutchfield's sentence is substantively reasonable. Because his sentence was appropriate under § 5G1.3(d), as discussed *supra*, and was within the Guidelines range, the consecutive nature of his sentence is "presumptively reasonable and is accorded great deference". *Candia*, 454 F.3d at 473. Crutchfield's brief does not "address the § 3553(a) factors, which provide the only means for rebutting the presumption of reasonableness" applicable to a consecutive sentence imposed in accordance with § 5G1.3. *Ochoa*, 977 F.3d at 357–58 (quote at 358). Accordingly, the district court did not abuse its discretion by imposing a consecutive sentence.

AFFIRMED.