# United States Court of Appeals for the Fifth Circuit

————————

No. 24-30729
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Royshun Newton,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-68-1

———————————————————————

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Royshun Newton was convicted of conspiring to distribute methamphetamine and to possess methamphetamine with intent to distribute and was sentenced to 188 months' imprisonment and a five-year term of supervised release. He raises two challenges to his sentence in this appeal.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30729

First, he argues that the district court erroneously concluded that he qualified as a career offender under U.S.S.G. § 4B1.1(a) because his prior marijuana-related conviction was committed when Louisiana's definition of marijuana included hemp.  This argument is reviewed for plain error because it was not presented to the district court.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Newton's assertion of error is correct.  *See United States v. Minor*, 121 F.4th 1085, 1088-93 (5th Cir. 2024).  However, the record shows that the district court did not sentence him in accordance with the recommended guidelines range but instead exercised its discretion to impose a non-guidelines prison sentence that was not based on the career offender designation and was within the otherwise applicable guidelines range.  *See United States v. Malone*, 828 F.3d 331, 338 & n.25 (5th Cir. 2016).  Because his sentence was not based on the disputed adjustment, the error asserted did not affect his substantial rights, and he has not made the showing necessary for relief under the plain error standard.  *See Puckett*, 556 U.S. at 135.

Second, he argues that the district court abused its discretion by concluding that this offense was not relevant conduct to another offense and imposing the two sentences to run consecutively.  *United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020); U.S.S.G. § 5G1.3(b).  He is mistaken.  As the district court explained, the only commonality between the two offenses is that they both involved large quantities of the same drug, and this is not enough to make the needed showing.  *See* U.S.S.G. § 1B1.3, comment. (n.5(B)(i), (ii)).  The judgment of the district court is AFFIRMED.