# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2025

Lyle W. Cayce
Clerk

No. 24-50438

────────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Cesar Martinez,

*Defendant—Appellant*.

────────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-416-1

────────────────────────────────

Before Elrod, *Chief Judge*, and Duncan and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Cesar Martinez appeals his federal sentence for possession of 500 or more grams of methamphetamine with intent to distribute it. He claims that the district court incorrectly ordered that his federal sentence run consecutively to any state sentence for earlier relevant conduct. He argues for the first time on appeal that under United States Sentencing Guidelines

─────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 5G1.3(c), the district court should have caused his federal and any state sentences to run concurrently. *See* U.S. Sent'g Guidelines Manual § 5G1.3(c) (U.S. Sent'g Comm'n 2023). We disagree and AFFIRM.

In May 2021, Martinez entered the United States at a land border crossing near El Paso, Texas. In a secondary inspection of his vehicle, officers discovered a bundle of cash and approximately ten kilograms of cocaine. In August 2023, Texas filed a single-count indictment against Martinez based on this conduct, charging him with possession of cocaine. That charge remained pending throughout what follows.

In September 2023, Martinez again entered the United States near El Paso. During a traffic stop, officers discovered, among other things, approximately twelve kilograms of methamphetamine hidden in the car's spare tire.

A single-count superseding federal indictment charged Martinez with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The jury found Martinez guilty of that 2023 offense. At sentencing, the district court adopted the presentence report (PSR), which determined that Martinez's 2021 conduct constituted relevant conduct to the 2023 federal offense. Neither the government nor Martinez objected to that finding. The PSR also noted that Martinez had a pending state charge for the 2021 conduct.

The district court imposed a sentence of 240 months. It then stated, "Pursuant to United States Sentencing Guideline, Section 5G1.3(a) through (d), the court will order that the federal sentence run consecutively to any sentence that issues from the charge listed in paragraph 56 on page 15 of the [PSR]. That's in Cause Number 21-06430-CR as well." Martinez timely appealed. *See* Fed. R. App. P. 4(b)(1)(A)(i).

Because Martinez did not object to his federal sentence running "consecutively to" any state sentence, we review his argument for plain error. Fed. R. Crim. P. 52(b). Martinez must show: (1) an error that (2) is "clear or obvious, rather than subject to reasonable dispute," and (3) affected his substantial rights, meaning that "it 'affected the outcome of the district court proceedings.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). Upon such a showing, we have discretion to remedy the error "only if" (4) it "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (alteration in original) (quoting *Olano*, 507 U.S. at 736).

Martinez insists that the district court erred in requiring his federal sentence to run consecutively to any state sentence resulting from his 2021 conduct. Under Guidelines § 5G1.3(c), if "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S. Sent'g Guidelines Manual § 5G1.3(c) (U.S. Sent'g Comm'n 2023). Everyone agrees that the 2021 conduct constitutes "relevant conduct" to Martinez's federal conviction here. *See id.*

Whether a state sentence counts as "anticipated" when a state charge is pending is subject to reasonable dispute. *See Puckett*, 556 U.S. at 135. The Guidelines do not define "anticipated." Neither have we. The closest we have come is a passing comment that "we have treated pending state charges as 'anticipated.'" *United States v. Ochoa*, 977 F.3d 354, 356–57 (5th Cir. 2020) (first citing *United States v. Looney*, 606 F. App'x 744, 748 (5th Cir. 2015); and then citing *United States v. McCowan*, 763 F. App'x 369, 371 (5th Cir. 2019)). But there we "assume[d] for the sake of argument that [the defendant's] pending [state] charge . . . is 'anticipated.'" *Id.* at 357; *see United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014) (noting that one

No. 24-50438

"could reasonably dispute" an issue where the defendant identified only dicta addressing it in our cases). Four years after *Ochoa*, we explained that a defendant arguing that the district court should have applied § 5G1.3(c) to make his sentences run concurrently "ha[d] not located a . . . case in which this court has specifically addressed the meaning of the term 'anticipated.'" *United States v. Gonzales*, No. 22-51077, 2024 WL 550332, at *2, *3 (5th Cir. Feb. 12, 2024). That opinion cited *Ochoa*, but it did not recognize that case as "address[ing] the meaning of" "anticipated."[1] *See id.* at *2 (citing *Ochoa*, 977 F.3d at 356), *3.

Where we have not "squarely addressed" an issue, we cannot say that the district court has *clearly* erred in resolving it. *See United States v. Trejo*, 610 F.3d 308, 319–20 (5th Cir. 2010). Martinez cannot satisfy the second prong of the plain-error inquiry. *See Puckett*, 556 U.S. at 135. We thus AFFIRM.

---

[1] Our unpublished decisions referencing § 5G1.3(c) do not squarely confront the question whether pending state charges count as "anticipated" charges under § 5G1.3(c). *E.g.*, *Looney*, 606 F. App'x at 747–48, 748 n.12 (holding that the defendant could not use § 5G1.3 to gain credit for time he had served in state pretrial custody); *McCowan*, 763 F. App'x at 371 (noting that the district court need not have applied § 5G1.3 where the record contained no evidence about any charge, pending or otherwise, because any future sentence was speculative).

4