# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 17, 2025

Lyle W. Cayce
Clerk

No. 25-60316
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Andre Lamont Rawls,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CR-69-1

_____

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Andre Lamont Rawls was sentenced to 151 months in prison and five years of supervised release after he pleaded guilty to conspiracy to possess with intent to distribute and to distribute a controlled substance. While he was on supervision for the underlying offense, Rawls pleaded guilty to a cocaine conspiracy charge. The district court revoked his term of supervised

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release on the underlying conviction, imposed a 60-month sentence, and ordered it to run consecutively to the 110-month sentence imposed for the conviction on the new conspiracy offense.

Rawls argues that the district court erred by ordering his revocation sentence to run consecutively to the sentence imposed on his new conspiracy conviction, emphasizing that the district court in the new criminal case ordered that the sentence imposed on that conviction run concurrently with any sentence to be imposed upon revocation. Rawls acknowledges that his challenge to his sentence is likely foreclosed but raises the issue to preserve it for future appellate review. *See United States v. Ochoa*, 977 F.3d 354, 356 (5th Cir. 2020). We review for abuse of discretion. *See United States v. Reyes-Lugo*, 238 F.3d 305, 307-08 (5th Cir. 2001); *see also Ochoa*, 977 F.3d at 356.

The district court did not commit error in ordering consecutive sentences. We have recognized that "one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence." *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008); *see* 18 U.S.C. § 3584(a).

Accordingly, Rawls's sentence is AFFIRMED.